JUAN ENRIQUE TORRES, Plaintiff and Appellee, *v.* SUCCN. OF J. SERRALLÉS, Defendant and Appellant.

No. 7934. Argued February 13, 1939.—Decided June 14, 1939.

F. *Parra Capó* and *Leopoldo Tormes,* for appellants. *Erasto Arjona Siaca,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This case from Ponce was originally a suit for an *injunction* for the alleged reason that the defendant for cultivating or harvesting cane had built a canal across the land of the plaintiff. After a while what happened was that the court rendered a final judgment on the 12th of May 1936, awarding the plaintiff the sum of $1,000 for damages and $300 for costs and attorney's fees. From this judgment the defendant appealed and we are confronted with a motion to dismiss.

There is no question that the extension for incorporating the evidence in the record granted to the appellant expired on the 8th of December 1936, and was not definitely renewed. Thereafter or beginning from the 7th of January 1937, there were a number of renewals which ran up to some period late in 1938. We mention these attempts of the appellant just to show that to certain extent they were being diligent. There is no doubt, however, that by reason of the omission of the stenographer in December 1936, the District Court of Ponce with respect to the original attempt to incorporate the evidence lost jurisdiction to make the extensions.

A short time after judgment the appellant moved for a reconsideration and the appellee moved for a partial reconsideration. The court overruled both motions. On the 10th of July 1937, the defendant took an appeal from the order overruling the motion made by it; and more or less contemporaneously, on July 15, 1937, apparently within 30

days from the order overruling the motion for reconsideration, appealed for the second time from the judgment rendered on the 12th of May 1936.

There is very little question under the jurisprudence of various cases that the motion for reconsideration suspended the judgment. *Dávila* v. *Collazo*, 50 P.R.R. 475; *Grand District Lodge* v. *Víctor Rojas Lodge, Inc.*, 48 P.R.R. 894; *Rodríguez* v. *Torres*, 48 P.R.R. 896. The second appeal was taken in due time. ■ The difficulty with this case is that the appellant then, instead of asking for a term for completing the record, came into court and merelp ásked that the former order of the court referring the case to the stenographer be ratified.

We are not thoroughly convinced that this word "ratified" might not be construed to cover the situation and allow the evidence to be incorporated. We shall suppose, however, that the appellee is right and is entitled to the benefit of the doubt and that the extensions fell down.

The appellant elaborately explains that the delay in preparing the transcript of the evidence, or what not, was due to the stenographer and not to any voluntary delay on its part. It draws the attention to the fact that the time for computing the term from an appeal only began from the moment that the motion for reconsideration was overruled. The appellee coupled with his motion to dismiss on the ground of failure to incorporate the evidence, moved to dismiss the appeal as frivolous. The state of the record, however, does not convince us that the appeal is frivolous. The transcript of the evidence is now before us.

The appellants, in their brief at least, maintain that the transcript of the evidence was filed in the district court on the 19th of January 1938. Without going into all the details we are convinced of the good faith and reasonable diligence of the appellants and without attempting to decide definitely who is right we shall grant the appellants a new term of 15

days within which to file or more properly re-file their transcripit of evidence and also empower the court to take all steps necessary for its approval or disapproval.

The motion to dismiss will be overruled.